IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

CJ-2016-6448

TANIYAH LOTT, an individual

Plaintiffs,

v.                                Case No:

ARCH INSURANCE COMPANY, a corporation

Defendant.

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 16 2016

RICK WARREN
COURT CLERK
40_____
JURY TRIAL DEMANDED

## PETITION

COME NOW Plaintiff, Taniyah Lott, and for her causes of action against the Defendant, Arch Insurance Company, alleges and states as follows:

1. Taniyah Lott's husband Brian Lott was killed in a motor vehicle collision on December 16, 2015.

2. Mr. Lott was riding as passenger in a vehicle being driven by Candace Davis, an uninsured motorist.

3. Candace Davis negligently drove the subject vehicle which resulted in a collision which caused great bodily injury and intense physical and mental pain and suffering and death to Mr. Lott.

4. At the time of this motor vehicle collision on December 16, 2015 the automobile in which Brian Lott was a passenger, and which Candace Davis was driving, was insured under an auto policy No. NCAT0315701 covering policy period May 15, 2015 to May 15, 2016. This insurance policy was issued by Arch Insurance Company and provided an endorsement for the State of Oklahoma Uninsured Motorist Coverage – Stacked which provides for policy limits of $1 million dollars. This insurance policy insured Mr. Lott since he was a passenger in the vehicle at the time of the collision.

EXHIBIT 2

5. Plaintiff, Taniyah Lott, made a claim under the subject uninsured motorist coverage with Arch Insurance Company and Arch breached the insurance contract and the duty of good faith and fair dealing by denying and refusing coverage for the death of Brian Lott.

7. Defendant further breached the implied covenant of good faith and fair dealing in the handling of Plaintiff's claims, and as a matter of routine claim practice in handling similar claims, by:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew she was entitled to those benefits;

   b. failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

   c. withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

   d. refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   e. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

   g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

   h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

   i. forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

   j. failing to properly evaluate any investigation that was performed;

   k. by not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

8. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff suffered the loss of policy benefits and emotional distress, mental anguish, and other consequential damages.

9. Defendant's acts and omissions in violation of the implied covenant of good faith and fair dealing recklessly disregarded its duty to deal fairly and in good faith with its insured and/or intentionally and with malice breached its duty to act fairly and in good faith with its insured, and, therefore, Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, Arch Insurance Company, for her damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages in in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
T: (405) 232-4100    F: (405) 232-4140
E-mail: mansell-engel@coxinet.net

**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**